Cashbamba v 1056 Bedford LLC (2019 NY Slip Op 00690)





Cashbamba v 1056 Bedford LLC


2019 NY Slip Op 00690


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8290 306059/12 83703/13

[*1]Angel Leonides Cashbamba, Plaintiff-Appellant-Respondent,
v
1056 Bedford LLC, et al., Defendants-Respondents-Appellants, Mybem Corp., Defendant.
1056 Bedford LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Constructor Luna Corp., Third-Party Defendant-Respondent-Appellant.


Oresky & Associates, PLLC, Bronx (John J. Nonnenmacher of counsel), for appellant-respondent.
Havkins Rosenfeld Ritzert & Varriale, LLP, Mineola (Robert E. Coleman of counsel), for 1056 Bedford LLC and Leadex Inc., respondents-appellants.
Dillon Horowitz & Goldstein LLP, New York (Michael M. Horowitz of counsel), for Constructor Luna Corp., respondent-appellant.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered on or about May 2, 2018, which denied the motion of third-party defendant Constructor Luna Corporation (Luna) for summary judgment dismissing third-party plaintiffs' common-law indemnification and contribution claims, denied plaintiff's cross motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim, and denied the cross motion of defendants/third-party plaintiffs 1056 Bedford LLC and Leadex Inc. for summary judgment dismissing the complaint and all cross claims, and on their third-party contractual indemnification claim as against Luna, unanimously modified, on the law, to grant plaintiff's cross motion as to his Labor Law § 240(1) claim, and to grant Luna's motion, and otherwise affirmed, without costs.
Plaintiff should have been granted partial summary judgment on the issue of liability on his Labor Law § 240(1) claim. There is no dispute that plaintiff fell from the seventh floor to the sixth floor of the building on which he was working, a distance of approximately nine feet. Further, it is undisputed that there were no safety harnesses or other safety devices for plaintiff to use. "Thus, the fact that the parties offered different versions of plaintiff's accident makes no difference with respect to defendants' liability under Labor Law § 240(1). Under either version, defendants . . . failed to secure an area at a construction site from which a fall could occur, thereby exposing the injured worker to an elevation-related risk" (John v Baharestani, 281 AD2d 114, 118 [1st Dept 2001]).
However, the motion court properly denied the cross motion of defendants/third-party plaintiffs on the Labor Law §§ 241(6), 200, and common-law negligence claims, since there are triable issues of fact as to exactly how, where and why the underlying incident occurred (see Greenwood v Whitney Museum of Am. Art, 161 AD3d 425, 426 [1st Dept 2018].
Nevertheless, under Workers' Compensation Law § 11, the third-party claims for common-law indemnification and contribution are not viable. The record establishes that plaintiff did not sustain a "grave injury" as a result of his fall, since he was able to obtain a full time job at the beginning of 2017 (see Rubeis v Aqua Club, Inc., 3 NY3d 408 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK